UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

LIBERTY MUTUAL INSURANCE COMPANY,

                Plaintiff,

-against-

THE BEST BUS RIDE, INC., CHARLES MACFERSON, BIG A BROKERAGE CORP., and ALEKSANDR SAVRANSKIY,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-985 (FB)

*Appearance:*
For the Plaintiff:
JEFFREY R. KRANTZ, ESQ.
Bennett, Giuliano, McDonnell & Perrone, LLP
225 West 34th Street
Suite 402
New York, New York 10122

**BLOCK, Senior District Judge:**

        Plaintiff Liberty Mutual Insurance Company ("Liberty") moves for entry of default judgments against defendants The Best Bus Ride, Inc. ("Best Bus Ride"), Big A Brokerage Corp. ("Big A"), and Aleksandr Savranskiy ("Savranskiy"). Because, after being duly served on April 23, 2007, Best Bus Ride, Big A, and Savranskiy have failed to respond to the complaint or otherwise defend against the action, *see* Clerk's Entry of Default dated March 19, 2008, Docket Entry #11, Liberty's motion for default judgment against these defendants is granted.

**I**

        On March 8, 2007, Liberty commenced the action by filing a complaint in this Court. The complaint seeks $564,413.00 in damages for defendants' allegedly fraudulent conduct regarding

an insurance policy provided by Liberty.

The following facts are taken from the Complaint. The New York Automobile Insurance Plan ("the Plan"), *see* N.Y. Ins. L. § 5301-5304, provides insurance to high-risk providers of public transportation that are unable to secure insurance coverage in the voluntary insurance market. Prospective insureds, through insurance brokers, submit applications to the Plan. The Plan assigns the applications to a participant insurer. The insured does not choose the insurer its application is sent to, and insurers participating in the Plan are required to accept the applications sent to them. Premiums are determined by a formula prescribed by the Plan based on factors such as, *inter alia*, the territory the company's service covers, the type of vehicles, and who owns the vehicles. The insurer sets an initial, estimated premium rate based on information provided in the application. The application indicates that the insurer has the right to adjust the premium to ensure that the premium charged is correct under the Plan formula. *See* Compl. ¶ 32 (quoting the application as stating: "The Applicant understands that the premium shown on this application is an estimated premium. The carrier reserves the right to adjust the premium either prior to or after the issuance of the policy, whenever applicable.").

Big A and Savranskiy are insurance brokers; they procured an insurance policy on behalf of Best Bus Ride from Liberty by filling out an application and submitting it to the Plan, which assigned it to Liberty. Under the Plan and as noted on the application, brokers are required to certify that the information given in the application is complete and accurate. Best Bus Ride's application included falsehoods regarding the location in which Best Bus Ride's vehicles would operate and the classification of Best Bus Ride's vehicles. Best Bus Ride represented that it operated a school bus service in Westchester County, when in reality it operated a for-hire car service that operated in New York City. These falsehoods caused Liberty to charge Best Bus Ride

lower premiums than it would have had accurate information been provided. When Liberty, empowered under the contract to audit Best Bus Ride and adjust its premiums, discovered the deception, it requested the difference in past premiums, $564,413.00, from Best Bus Ride, but the latter refused to pay.

## II

Before addressing the merits of the plaintiff's claims, the court must satisfy itself that it has subject matter jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (citing cases) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."). In this case, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of the parties' citizenship: Liberty is incorporated in Massachusetts, while defendants Savranskiy and Charles Macferson are domiciled in New York, and corporate defendants Big A and Best Bus Ride are incorporated in and have their principal place of business in New York. *See* Compl. ¶¶ 3-5; *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("[The court] will . . . construe jurisdictional allegations liberally and take as true uncontroverted factual allegations.").

## III

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not

3

agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

Liberty seeks default judgment on three distinct causes of action: breach of contract, fraud and negligent misrepresentation.

## A. Breach of Contract Claim Against Best Bus Ride

"Under New York law, an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994) (footnote omitted). Liberty's Complaint states a claim for breach of contract: Liberty has alleged that there was a contract in the form of the insurance policy, that it provided Best Bus Ride with insurance, that Best Bus Ride breached by not paying the premiums it owed after Liberty exercised its right under the contract to adjust Best Bus Ride's premium in accord with the Plan formula, and that Liberty incurred $564,413.00 in damages as a result.

## B. Fraud Claim Against Best Bus Ride, Big A, and Savranskiy

In order to state a cause of action for fraud, a plaintiff must allege: "Representation, falsity, scienter, deception and injury." *Reno v. Bull*, 226 N.Y. 546, 550 (1919). Liberty has alleged that Best Bus Ride, Big A, and Savranskiy together submitted an application for insurance coverage that knowingly included falsehoods that were intended to secure lower premiums than those Best Bus Ride should have paid under the Plan and that Liberty, in reliance on those statements, charged Best Bus Ride lower premiums. As the court stated in a case with virtually identical material facts, "Liberty Mutual has sufficiently alleged the elements of intentional fraud: representation of fact,

4

which is false and known to be false when made, offered to deceive another with the intention to induce the other to act or refrain from acting, and reliance upon the representation which causes injury." *Liberty Mut. Ins. Co. v. Ben's Luxury Car & Limousine Serv.*, 06 Civ. 3430, 2007 U.S. Dist. LEXIS 70255, at *15 (E.D.N.Y. Feb. 15, 2007).

## C.  Negligent Misrepresentation Claim Against Best Bus Ride, Big A, and Savranskiy

Negligent misrepresentation shares essentially the same elements as fraud, with two exceptions: (1) the requisite mental state is not scienter, but only that the defendant knew or "should have known [that the representation] was incorrect," *Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20 (2d Cir. 2000); and (2) the parties must be in privity or its functional equivalent, *Parrott v. Coopers & Lybrand, L.L.P.*, 95 N.Y.2d 479, 483 (2000) (internal citations omitted) ("[B]efore a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity."). Showing functional privity requires a demonstration of the following: "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance." *Id.* at 484 (internal citations omitted).

Best Bus Ride was in privity of contract with Liberty. Since Big A and Savranskiy "submitted an application on behalf of [Best Bus Ride] to the Plan, with the expectation that a Plan carrier would use it to issue a policy at an estimated premium rate calculated from the information in the application," they are in a relationship with Liberty constituting the "functional equivalent of privity." *Liberty Mut. Ins. Co. v. Grand Transp., Inc.*, No. 06 CV 3433(JG), 2007 WL 764542,

at *7 (E.D.N.Y. Mar. 12, 2007) (holding that brokers under the Plan satisfy the *Parrott* functional privity test with respect to insurers for purposes of misrepresentation claim).

The description of Liberty's allegations in the previous section is sufficient to show that Liberty has stated a claim of negligent misrepresentation against the defendants, since it shows that the defendants knowingly made a false representation that they knew Liberty would rely on, and that the reliance was "to [Liberty's] detriment." *Hydro Investors*, 227 F.3d at 20.

## CONCLUSION

Liberty's motion for entry of default judgment against Best Bus Ride, Big A, and Savranskiy is granted on its negligent misrepresentation and fraud claims. Liberty's motion for default judgment against Best Bus Ride on its breach of contract claim is granted. The matter is referred to the assigned magistrate judge for a report and recommendation regarding the relief to be awarded.

**SO ORDERED**.

                                                                                                          _____
                                                                                                          FREDERIC BLOCK
                                                                                                          Senior United States District Judge

Brooklyn, New York
June 3, 2009